**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Karen Hardie, Christopher
Hardie, Stephanie Hardie,
Michael Hardie, and A.H.,
minor

   v.                                     Civil No. 13-cv-092-LM
                                              Opinion No. 2014 DNH 061
Collin Crecco


<u>**O R D E R**</u>


Plaintiffs have sued in three counts, seeking to recover for injuries they sustained in a collision involving an SUV driven by Karen Hardie ("Hardie") and an automobile driven by Collin Crecco. Before the court is Crecco's motion for leave to assert a Rule 13 compulsory counterclaim for contribution against Hardie. Plaintiffs object. For the reasons that follow, Crecco's motion is denied.

The plaintiffs in this case include Hardie, the driver of the SUV, plus her four passengers. In their complaint, they claim that the collision between Hardie's SUV and Crecco's car was caused by Crecco's negligence. In his answer, Crecco asserts, as a defense, that "[p]laintiffs' injuries were caused in whole or part by the negligence of Karen Hardie in the operation of [her] vehicle." Answer (doc. no. 6) 4. By

asserting that defense, Crecco has clearly brought into play New Hampshire's comparative-fault statute, N.H. Rev. Stat. Ann. ("RSA") § 507:7-d.  The question posed by the motion now before the court is whether Crecco's assertion that Hardie bears some responsibility for causing the collision that resulted in her passengers' injuries also implicates the statutes governing contribution by joint tortfeasors, RSA 507:7-f & 7-g.

In his motion, Crecco seeks leave to file a compulsory counterclaim, for contribution, against Hardie.  See Fed. R. Civ. P. 13(a).  He argues that: (1) Rule 13(a) of the Federal Rules of Civil Procedure ("Federal Rules"), which requires certain claims to be brought as counterclaims, conflicts with state law, which requires claims for contribution "to be enforced only by a separate action brought for that purpose," RSA 507:7-f, I; (2) the conflict is procedural rather than substantive; (3) procedural conflicts between federal and state law are resolved in favor of applying the Federal Rules; and (4) under Rule 13(a), he is entitled to bring his contribution claim as a counterclaim in this suit and, in fact, must do so, to avoid waiving it.  Plaintiffs disagree, contending that: (1) Crecco does not have a compulsory counterclaim against them, because his claim for contribution did not exist at the time he served his answer; (2) the lack of a mature contribution claim

means that there is no conflict between federal and state law; and (3) even if there were such a conflict, it would be substantive rather than procedural, which would require the application of state law which, in turn, would permit Crecco to bring his contribution claim as a separate action.

The Federal Rule pertaining to compulsory counterclaims provides, in pertinent part, that

> [a] pleading must state as a counterclaim any claim that – at the time of its service – the pleader has against an opposing party if the claim:
>
> **(A)**  arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
>
> **(B)**  does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a)(1).  "A counterclaim which is compulsory but is not brought is thereafter barred."  M.D. Moody & Sons, Inc. v. Dockside Marine Contrs., Inc., 549 F. Supp. 2d 143, 147 (D.P.R. 2007) (quoting Baker v. Gold Seal Liquors, Inc., 417 U.S. 467, 461 n.1 (1974); citing Mesker Bros. Iron Co. v. Donata Corp., 401 F.2d 275, 279 (4th Cir. 1968)).

Here, it is undisputed that Crecco's proposed counterclaim arises out of the occurrence that is the subject matter of plaintiffs' claims against him and that his claim does not require adding any other parties.  The question is whether

Crecco had a claim for contribution against Hardie at the time he served his answer to the complaint.  He did not.

As a specific example of the general proposition that a "party need not assert a counterclaim that has not matured at the time the party serves a pleading," 6 Charles Alan Wright et al., Federal Practice and Procedure § 1411, at 89 (2010), commentators have suggested that "a claim for contribution cannot be compulsory in the action whose judgment is the subject of the contribution suit," id. at 94-95.  In the cases upon which Professor Wright and his co-authors rely for their more specific rule regarding contribution claims, courts have turned to the law establishing the right of contribution to determine when, precisely, such a claim matures.  See, e.g., Stahl v. Ohio River Co., 424 F.2d 52, 55 & n.5 (3d Cir. 1970) (holding that, under Pennsylvania law, "[a] claim for contribution is not a matured claim as contemplated under Rule 13(e) because such [a] claim is contingent upon a verdict and judgment establishing liability of a party as a joint tortfeasor").  The holding in Stahl has been criticized as outdated and insufficiently pragmatic, see, e.g., In re Oil Spill by the Amoco Cadiz, 491 F. Supp. 161, 165 (N.D. Ill. 1979) (citations omitted), but criticisms of Stahl do not undermine the propriety of looking to the applicable law of contribution to determine when a

contribution claim matures.  Thus, to determine whether Crecco's claim has matured, such that it can (or must) be asserted as a compulsory counterclaim, it is necessary to examine New Hampshire's contribution statutes.

Under New Hampshire law, "a right of contribution exists between or among 2 or more persons who are . . . liable for the same injury, death or harm, whether or not judgment has been recovered against all or any of them."  RSA 507:7-f, I.  Thus, the fact that no judgment has been recovered against Crecco is no bar to his claim for contribution.

Regarding the enforcement of contribution, the statute provides, in pertinent part:

> III.  . . .  If no judgment has been rendered [in the underlying action], the person bringing the action for contribution must have either (a) discharged by payment the common liability within the period of the statute of limitations applicable to the claimant's right of action against that person and commenced the action for payment within one year after payment, or (b) agreed while action was pending to discharge the common liability and, within one year after the agreement, have paid liability and commenced an action for contribution.

RSA 507:7-g.  In other words, for a person to bring a claim for contribution prior to judgment in an underlying suit, that person must have suffered a loss by virtue of having discharged the common liability.  Thus, a pre-judgment claim for

contribution remains premature until the contribution claimant has discharged the common liability.

Because Crecco has not discharged the common liability, he does not appear to have a mature contribution claim, under New Hampshire law, for the purpose of Rule 13(a)(1).  That, in turn, counsels against granting his motion to assert a counterclaim for contribution.  See Calderón-Serra v. Wilmington Trust Co., 715 F.3d 14, 19 (1st Cir. 2013) (identifying futility as grounds for denying motion to amend) (citations omitted); Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) ("Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted.") (citations omitted).

However, even without the maturity problem discussed above, there is a more fundamental reason why Crecco's motion should be denied: "No right of contribution exists against the claimant at fault."  RSA 507:7-f, I; see also 8 Richard B. McNamara, New Hampshire Practice: Personal Injury, Tort and Insurance Practice § 12.04 (3d ed. 2003) ("No right of contribution exists . . . against the plaintiff to the extent he [or she] was at fault."). Hardie is a claimant/plaintiff in this case.  The contribution claim Crecco seeks to assert is premised upon Hardie's purported fault.  Given the New Hampshire Supreme Court's well-established

commitment to a plain-meaning approach to statutory construction, see, e.g., Dichiara v. Sanborn Reg'l Sch. Dist., ___ N.H. ___, ___, 82 A.3d 225, 228 (2013) (citing Kenison v. Dubois, 152 N.H. 448, 451 (2005)), it would certainly appear that Crecco's motion should be denied, on grounds of futility. Before taking that step, however, the court directed Crecco to "show cause why his motion for leave to assert a counterclaim for contribution against Hardie should not be denied on grounds that Hardie is a 'claimant at fault' under the statute." Notice of Ruling (doc. no. 17), at 1. Crecco's briefing on that issue is not persuasive.

Crecco begins by arguing that while Hardie is a claimant at fault with respect to her own injuries, she "is not a statutory 'claimant at fault' vis-à-vis the claims by her family." Def.'s Resp. (doc. no. 18) 2. There is no support for such a distinction in the words of the statute. Moreover, that distinction results in a construction of the disputed language that is untenable for several reasons.

First, if "claimant at fault" means what Crecco says it does, then the statement that "[n]o right of contribution exists against the claimant at fault," RSA 507:7-f, I, would actually mean: no right of contribution exists against the claimant at fault that would allow a defendant to recover from the claimant

7

for injuries suffered by the claimant that are attributable to the claimant's own fault.  But, the New Hampshire Supreme Court has clearly directed courts construing statutes not to "consider what the legislature might have said nor add words that it did not see fit to include."  Dichiara, ___ N.H. at ___, 82 A.3d at 228 (citing Dalton Hydro LLC v. Town of Dalton, 153 N.H. 75, 78 (2005)).

Second, Hardie's construction leads either to an absurd result or to a redundancy.  Both are disfavored by the New Hampshire Supreme Court.  See, e.g., State v. N. of the Border Tobacco, LLC, 162 N.H. 206, 212 (2011) (explaining that goals of statutory construction include "seek[ing] . .  to avoid an absurd . . . result"); Garand v. Town of Exeter, 159 N.H. 136, 141 (2009) (quoting Town of Amherst v. Gilroy, 157 N.H. 275, 279 (2008)) ("[t]he legislature is not presumed to waste words or enact redundant provisions and whenever possible, every word of a statute should be given effect").

Here is the absurdity.  The statute governing apportionment of damages directs trial courts to instruct juries to award damages "in accordance with the proportionate fault of each of the parties."  RSA 507:7-e, I(a).  Thus, a properly instructed jury could never award Hardie damages against Crecco in excess of Crecco's share of fault for the collision.  If there is no

chance that Hardie could be "overpaid" for her own injuries, then there would be nothing for Crecco to recover from her by means of a contribution action.  In other words, statutory language barring only contribution claims based upon recoveries for the claimant's injuries would be protection against an eventuality that could never come to pass.  Construing a statute to provide protection against a non-existent risk would result in an impermissible absurdity.  Alternatively, because Crecco's construction causes the disputed language to do nothing more than mimic the protection already afforded by the comparative-fault statute to defendants who have been sued by plaintiffs who bear some fault for causing their own injuries, that construction results in impermissible redundancy.

In sum, Crecco's attempt to construe the disputed language is not persuasive.  The statutory bar on contribution from claimants at fault must, as a matter of logic and statutory construction, do something more than preclude a defendant from seeking contribution from a claimant at fault based upon the claimant's fault in causing his or her own injury.

Crecco also argues that the disputed language should not be read to preclude his contribution claim against Hardie because: (1) the comparative-fault statute will reduce the amount of damages he would have to pay Hardie for her injuries if she were

found to be partly at fault for the collision; and (2) the
contribution statute should be read to afford him a similar
reduction in the amount of damages he would have to pay the
passenger plaintiffs, should Hardie be found to be partly at
fault.  As Crecco explains:

> 5.   . . .  [I]f a defendant cannot bring a
> contribution claim against the driver of a vehicle
> carrying innocent plaintiff passengers in a vehicle
> involved in an accident, and a jury awards $100 in
> damages and finds the defendant 60% at fault and the
> driver 40% at fault, the plaintiff passengers would be
> entitled to the entire award without reduction
> (because they were not at fault) and the defendant
> would have to pay the entire claim without being able
> to recoup the 40% allocable to the driver of the
> plaintiff passengers.  In other words, under this
> court's reading of RSA 507:7-f, the defendant receives
> the benefit of a reduction in damages on the
> plaintiff's claim because she is a joint tortfeasor
> (i.e. a claimant at fault), but would have no ability
> to recoup from that same joint tortfeasor on the claim
> by the people in the plaintiff's car in the same
> accident.
>
> 6.   Therefore, Karen Hardie must be a third
> party contribution defendant in this case so that when
> a jury allocates fault to her, she will be liable for
> her share to her family.  Failure to allow such claim
> would be unduly prejudicial to Mr. Crecco.

Def.'s Resp. (doc. no. 18), at 3.  Crecco's argument is
unavailing.

If the New Hampshire legislature had opted for pure several
liability when it moved away from joint and several liability,
then the prejudice resulting from denying Crecco a right of
contribution against Hardie might, somehow, qualify as "undue."

But, the

> legislature rejected this pure several liability
> approach and instead passed a compromise measure
> adopting several liability only for those parties
> "less than 50 percent at fault." See RSA 507:7-e,
> I(b).  The resulting legislation made New Hampshire a
> hybrid jurisdiction.

DeBenedetto v. CLD Consulting Eng'rs, Inc., 153 N.H. 793, 799

(2006).  Because New Hampshire is a hybrid jurisdiction, its

comparative-fault statute plainly countenances the seeming

"inequity" of denying a plaintiff who was only 51% at fault for

his injuries the right to recover from a defendant who was 49%

at fault.  In light of that "inequity," which does not exist in

jurisdictions with pure several liability, there seems to be

little basis for arguing that it would run counter to the intent

of the legislature to allow plaintiffs without fault a full

recovery from defendants who are more than 50% at fault for

causing their injuries.  That is, there is nothing inherently

unjust about a construction of the contribution statute that

results in something other than pure several liability.

   Moreover, it is easy to see why it makes sense to bar

claims for contribution such as the one Hardie seeks to assert

in this case.  Consider, for example, a case involving a two-car

accident in which one driver has two passengers, and that driver

sues the driver with no passengers.  Further imagine that the

jury determines that: (1) the plaintiff driver and his

passengers each suffered $100,000 in damages; and (2) the defendant driver was 60% at fault.  If the defendant driver were allowed a contribution counterclaim, then: (1) the plaintiff driver would be awarded $60,000 from the defendant driver; (2) the plaintiff passengers would be awarded $100,000 each; and (3) the defendant driver would be entitled to recoup the plaintiff driver's entire recovery, via contribution, to help him pay the plaintiff passengers.  The legislature could well have intended to avoid such a result by denying defendants a claim for contribution against plaintiffs at fault.

The court concludes by noting that there are several jurisdictions that do allow counterclaims for contribution, which necessarily implies a right to contribution from a claimant at fault.  See, e.g., Liskiewicz v. Hameister, 905 N.Y.S.2d 505, 507 (N.Y. Sup. Ct. 2010); Okla. Gas & Elec. Co. v. Dist. Court, 784 P.2d 61, 66 (Okla. 1990); Carter v. Chi. & Ill. Midland Ry. Co., 487 N.E.2d 1267, 1269 (Ill. App. Ct. 1986); Chinos Villas, Inc. v. Bermudez, 448 So. 2d 1179, 1180 (Fla. Dist. Ct. App. 1984).  But each of those jurisdictions has something that New Hampshire does not have: a contribution statute that expressly permits contribution claims to be asserted as counterclaims in the underlying action.  For example, in New York, "CPLR 1403, which is entitled 'How

12

contribution is claimed,' explicitly provides that a 'cause of action for contribution may be asserted in a separate action or by cross-claim, counterclaim or third-party claim in a pending action," Liskiewicz, 905 N.Y.S.2d at 507.[1]

In New Hampshire, by contrast, (1) the contribution statute states that "[n]o right of contribution exists against the claimant at fault," RSA 507:7-f, I; (2) the apportionment-of-damages statute states that "[f]or purposes of contribution under RSA 507:7-f and RSA 507:7-g, the court shall also determine each defendant's proportionate share of the obligation," RSA 507:7-e, III (emphasis added), and provides for the reallocation of uncollectable amounts "among the other defendants," id. (emphasis added); and (3) the New Hampshire Supreme Court has described RSA 507:7-f & 7-g as "involve[ing] rights of contribution among defendants," Rodgers v. Colby's Ol' Place, 148 N.H. 41, 43 (2002) (emphasis added).  Based upon a consideration of "the overall statutory scheme," DeBenedetto,

---

[1] When Oklahoma Gas was decided, the Oklahoma statutes provided that "[t]he right of contribution may be asserted before judgment as a permissive counterclaim, crossclaim, or in a third party action," 784 P.2d at 66 n.24 (citing 12 O.S. Supp. 1988 § 2013(B)2).  When Chinos Villas was decided, Florida's enactment of the Uniform Contribution Among Tortfeasors Act "allow[ed] the defendant to file a permissive counterclaim for contribution," 448 So. 2d at 1180.  When Carter was decided, the Illinois statutes provided that "[a] cause of action for contribution among joint tortfeasors may be asserted by a separate action before or after payment, by counterclaim or by third-party complaint in a pending action," 487 N.E.2d at 1269.

153 N.H. at 797 (pointing out that RSA 597:7-d through RSA 507:7-i were "enacted as . . . a comprehensive statutory framework for apportionment of liability and contribution) (citation omitted), the court is compelled to conclude that when the legislature said that "[n]o right of contribution exists against the claimant at fault," it intended to foreclose claims such as the one that Crecco seeks to assert in this case.

Because the claim Crecco seeks to assert is barred by RSA 507:7-f, I, it would be futile for Crecco to assert it. Accordingly, Crecco's motion for leave to assert a Rule 13 compulsory counterclaim against Hardie, document no. 13, is denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

March 27, 2013

cc:   Sandra L. Cabrera, Esq.
      R. Matthew Cairns, Esq.
      Jonathan S. Frizzell, Esq.
      Philip R. Waystack, Jr., Esq.